## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **STACEY VETTER** | § | |
| | § | |
| **v.** | § | **C.A. 4:12-CV-2316** |
| | § | |
| **CHRISTINE MCATEE** | § | |

### DEFENDANT/COUNTER-PLAINTIFF CHRISTINE MCATEE'S FIRST AMENDED ANSWER AND COUNTERCLAIM

CHRISTINE MCATEE, Defendant in the above-styled and numbered cause, answers Plaintiff, Stacy Vetter's Complaint as follows:

1.      In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff's suit claims entitlement to damages, and an accounting, arising from alleged breaches of a partnership agreement. Defendant, however, denies that she breached the partnership agreement and denies that Plaintiff is entitled to damages.

2.      In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over this matter.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Defendant admits that she resides in this judicial district and that venue is proper in this judicial

district.

4.     Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     In response to Paragraph 6 of the Complaint, Defendant admits that Plaintiff and Defendant have been in the business of marketing and distributing promotional products and other items to the public. Upon information and belief Plaintiff, either herself or through entities she controls, is or has been a franchisee of Adventures in Advertising ("AIA") for some unknown time period. Defendant admits that Insignia Marketing, Inc., a corporation of which Defendant is the primary shareholder, was a franchisee of AIA from December 28, 2001 through May 31, 2012. Except as expressly admitted herein, Defendant denies the remainder of Paragraph 6.

7.     Responding to Paragraph 7 of the Complaint, Defendant admits that she entered into a partnership with Plaintiff on or about September 1, 2011. Plaintiff has not made specific allegations about the terms of the partnership

agreement and, therefore, Defendant cannot admit or deny her claims regarding them. Defendant denies that the partnership was named or otherwise known as "The Communicat-R". Defendant admits that the purpose of the partnership was to sell, for Insignia Marketing, Inc., certain patient message boards. Defendant admits that she agreed to compensate Plaintiff for product sales, as an independent contractor of Insignia Marketing, Inc. and also agreed to have Insignia Marketing, Inc. reimburse a percentage of Plaintiff's specific business expenses incurred related to these sales, made in her work for Insignia Marketing, Inc. Defendant denies the remainder of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Responding to Paragraph 8 of the Complaint, Defendant admits that a vendor shipped completed orders of patient boards to Insignia Marketing, Inc.'s customers. Defendant denies the remainder of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Responding to Paragraph 9 of the Complaint, Defendant admits that, for several months, she and Plaintiff solicited customers for Insignia Marketing, Inc.'s patient boards, which were processed through AIA. It is admitted that Defendant and Plaintiff utilized, for the benefit of Insignia Marketing, Inc., various

marketing methods, including attendance at a convention, certain promotional materials and a website owned by Insignia Marketing, Inc. Defendant denies the remainder of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in Paragraph 11, 12 and 13, 14, 15, 16 and 17 of Plaintiff's Complaint.

12.    Defendant denies the factual allegations contained in Paragraphs 18 and 19 of the Complaint, but agrees that the Court should enter appropriate orders for winding up of the partnership, pursuant to Title 4, Subchapter I of the Texas Business Organizations Code. This would include, but not be limited to, an accounting.

13.    Defendant denies the allegations contained within Paragraph 20 of the Complaint.

14.    Paragraph 21 of the Complaint is merely a jury demand, for which no response is required.

15.    Defendant denies that the Plaintiff is entitled to any of the relief

requested in the Prayer contained within her Complaint.

## AFFIRMATIVE DEFENSES

16.    The acts and omissions of Plaintiff caused the injuries of which she complains.

17.    Defendant pleads the defense of repudiation, by Plaintiff, of the agreement(s) Plaintiff claims was breached.

18.    Defendant pleads the defense of Plaintiff's material breach of the partnership agreement.

19.    Plaintiff has waived, and is estopped from asserting, her right to recover for the alleged acts and omissions complained of by her.

20.    Defendant pleads the defense of unclean hands.

21.    Defendant specifically pleads, by way of affirmative defense, all applicable caps and limitations upon any award of damages, which are provided by law.

## COUNTERCLAIMS

22.    Without waiver of any of her rights, Christine McAtee, by and through her undersigned counsel, and by way of counterclaims against Stacey Vetter,

alleges:

23.    This Court has personal jurisdiction over Plaintiff /Counter Defendant Vetter,who has transacted business in this Judicial District, including working together on the activities of the partnership described in these counterclaims, such as participating in the marketing of products, and she has been physically present in this Judicial District on numerous occasions in connection with partnership business including participating in personal meetings with Defendant McAtee. Further, by filing this action in this Judicial District she has voluntarily submitted herself to the jurisdiction of this Court.

24.    This Court has original jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The counterclaim arises from the same agreements and transactions as those forming the basis of Plaintiff's suit.

25.    This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 and original jurisdiction over the declaratory judgment counterclaims and the trademark infringement and unfair competition

counterclaims under the federal Lanham Act, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"), under the federal patent laws, 35 U.S.C. §§ 101 et seq. ("Patent Laws") and under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. A real, immediate and justiciable controversy exists between Plaintiff and Defendant with respect to the ownership and right to use the trademark "Communicat-R," and over the inventorship of the patient boards being sold as of September 1, 2011. This Court has supplemental jurisdiction over the related state law counterclaims under 28 U.S.C. § 1367.

26.    At all relevant times, Counter Plaintiff Christine McAtee has been a resident/citizen of the state of Texas, residing in Montgomery County, Texas. Therefore, the Court has jurisdiction over the parties and venue over the counterclaims is proper in this district.

27.    A copy of these counterclaims will be served on Counter Defendant via this Court's CM/ECF service, as shown below, on her counsel.

**First Counterclaim: Partnership Violations**

28.    Plaintiff and Defendant agree that they created a partnership on or about September 1, 2011. The purpose of the partnership was to sell, for Insignia

Marketing, Inc., certain patient message boards. The patient message board that was being marketed by Plaintiff and Defendant, as of September 1, 2011, had been invented by Defendant McAtee, not by Plaintiff Vetter, and Vetter's allegation in Paragraph 8 of her Original Complaint that "[t]he design of the patient boards had been developed by Plaintiff …" is incorrect.

29.    At least as early as May 2011, Insignia Marketing, Inc. adopted and began using in interstate commerce the trademark "Communicat-R" (the "Mark") in connection with patient message boards, including the message boards Insignia Marketing, Inc. was shipping to customers, and developed trademark rights under both state laws and the federal Lanham Act and ownership of the Mark under state laws and the federal Lanham Act.

30.    Insignia Marketing, Inc. and/or Counter-Plaintiff Christine McAtee also began using the Mark in interstate commerce in connection with services relating to patient message boards, and developed ownership and rights under both federal and state laws and ownership of the Mark in connection with those services under state laws and the federal Lanham Act.  On or about February 2011, McAtee registered to the existing GoDaddy.com account a number of domain names

8

containing the phrase COMMUNICAT-R and similar phrases (hereinafter, the "Domain Names") for herself and/or Insignia Marketing, Inc.

31.    The patient message boards that were being sold included the phrase "Communicat-R" and also identified Insignia Marketing, Inc. as the source of the patient message boards.

32.    Insignia Marketing, Inc. has never assigned the trademark rights in the Mark to anyone, and still owns the Mark.

33.    While in the partnership, Counter Defendant engaged in conduct which breached (a) the partnership agreement (b) the duty of loyalty she owed to Counter Plaintiff (c) the duty of care she owed to Counter Plaintiff and (d) her duty to discharge her obligations to Counter Plaintiff and the partnership in good faith and in a manner that was in the best interest of the partnership. The acts/omissions of Counter Defendant which breached those duties include, but are not necessarily limited to:

A.    Taking control of Insignia Marketing, Inc.'s website (www.TheCommunicat-R.com) and the Domain Names and causing all internet traffic and emails to it to be directed to Counter Defendant, to the exclusion of

Counter Plaintiff and Insignia Marketing, Inc. This was done without the knowledge, approval or consent of Counter Plaintiff.

B.    Selling a product to customers in direct competition with Counter Plaintiff, and excluding Counter Plaintiff from any compensation resulting from those sales.

C.    Communicating with, and selling to, then existing customers and prospective customers of Insignia Marketing, Inc., in direct competition with Counter Plaintiff and Insignia Marketing, Inc.

D.    Interfering with Insignia Marketing, Inc.'s right to receive sales proceeds from AIA.

E.    Appropriating trade secrets of Counter Plaintiff and Insignia Marketing, Inc. and utilizing them in to her advantage in her competing business.

F.    Preventing online access to a client prospect list, which was contracted by Insignia Marketing, Inc., through Billian's Health Data, in November 2011, by unilaterally changing login information for Counter Defendant's sole access and benefit.

34.    This conduct made it not reasonably practical to carry on the business

of the partnership. It also constituted material breaches of the partnership agreement as well as the various duties imposed on Counter Defendant by Sections 154.202 through 206 of the Texas Business Organizations Code, including but not limited to (a) the duty of loyalty she owed to Counter Plaintiff (b) the duty of care she owed to Counter Plaintiff and (c) the duty to discharge the duties owed by her to Counter Plaintiff and the partnership in good faith and in a manner that was in the best interest of the partnership.

35.    As a direct and proximate cause of the foregoing breaches by Counter Defendant, Counter Plaintiff has suffered damages in the form of lost revenues. This includes, but is not necessary limited to, proceeds of the sales made by Counter Defendant while in direct competition with the partnership, Counter Plaintiff and Insignia Marketing, Inc.

36.    As an additional remedy, the Court should enter appropriate orders for winding up of the partnership, pursuant to Title 4, Subchapter I of the Texas Business Organizations Code.

37.    Pursuant to Texas Civil Practice and Remedies Code Section 38.001, Counter Plaintiff is entitled to recover her reasonable and necessary attorneys fees

and costs associated with the defense of this action and prosecution of this counterclaim.

**Second Counterclaim: Declaratory Judgment for Ownership of Trademark**

38.    The allegations set forth above in Paragraphs 1-37 are hereby repeated and incorporated by reference as if set forth expressly herein.

39.    Defendant/ Counter Plaintiff McAtee alleges that she and/or Insignia Marketing, Inc. owns the mark "Communicat-R" in connection with patient message boards and related services, both as a trademark and a service mark, under the federal Lanham Act and also applicable state laws, including the law of Texas.

40.    Defendant/Counter Plaintiff McAtee alleges that Vetter does not own any rights in the "Communicat-R" mark and any use by Vetter of that mark has not been authorized.

41.    Defendant/ Counter Plaintiff McAtee requests a declaration by this Court that the owner of the trademark "Communicat-R" is she and/or Insignia Marketing, Inc. and that Vetter's use of the same or a similar mark, including her unauthorized use of the domain name and diversion of emails, is an infringement of the federal Lanham Act and applicable state laws, including the law of Texas.

**Third Counterclaim: Declaratory Judgment Patent Rights in Message Board**

42.    The allegations set forth above in Paragraphs 1-41 are hereby repeated and incorporated by reference as if set forth expressly herein.

43.    In Paragraph 8 of the original complaint filed by Plaintiff Vetter she alleges that "[t]he design of the patient boards had been developed by Plaintiff prior to the formation of the partnership." To the extent the "patient boards" in Paragraph 8 refer to the "uniquely designed patient message board" that was being sold as of September 1, 2011, that allegation by Vetter is incorrect. Defendant/ Counter Plaintiff McAtee alleges that she is the original and sole inventor of the patient message board that was being sold as of September 1, 2011.

44.    Defendant/ Counter Plaintiff McAtee requests a declaration by this Court that, under the Patent Laws, she is the original and sole inventor of the patient message board that was being sold as of September 1, 2011.

**(Fourth Counterclaim: Federal Trademark Infringement and Unfair Competition)**

45.    The allegations set forth above in paragraphs 1-44 are hereby repeated and incorporated by reference as if set forth expressly herein.

46.    Defendant/ Counter-Plaintiff McAtee registered the Domain Names with GoDaddy.com on or about February 2011, and those Domain Names were controlled and owned by Insignia Marketing, Inc.  To the extent they were not owned by Insignia Marketing, Inc. they were owned by Defendant/ Counter-Plaintiff McAtee herself.  At least some of the Domain Names were used by Defendant McAtee and Insignia Marketing, Inc. beginning in early 2011, for the purpose of providing services to Insignia Marketing, Inc.'s actual and potential customers.

47.    In December 2011 Stacey Vetter stole the Domain Names.  For example, she unilaterally, surreptitiously and without authorization had the name of the "registrant" changed and caused the Domain Names to be transferred to her and deleted from the GoDaddy.com 495289 account.  From that date onward, on information and belief, Vetter has been using some or all of those Domain Names for her own benefit to redirect customers to her website.  For example, anyone who has typed in www.communicat-r.com in a web brower has been redirected to Vetter's www.yourpatientboards.com website.

14

48.    Plaintiff has taken actions that are not authorized by McAtee, which are damaging to McAtee's and Insignia Marketing's trademark rights.

49.    Such actions by Plaintiff Vetter are likely to cause confusion, to cause mistake and/or to deceive the public into believing that those actions originate with Defendant McAtee or Insignia Marketing, Inc., or are sponsored by McAtee and Insignia Marketing, and/or are performed under McAtee's and Insignia Marketing, Inc.'s supervision and control.

50.    Vetter's actions complained of above constitute infringement under one or more subsections of 15 U.S.C. §§ 1125 including Sections 1125(a) and (d).

51.    As a result of Vetter's unauthorized acts, McAtee has suffered, and continue to suffer damage; and Vetter is profiting at McAtee's expense.  Vetter's activities entitle McAtee to recover those profits, and also compensation for its own damages caused by Vetter.

52.    Vetter's acts have been and are still deliberate willful, reckless and malicious, entitling McAtee to enhanced damages and attorney's fees under 15 U.S.C. §§ 1125.

53.    Vetter is entitled to a temporary and permanent injunction.

**(Fifth Counterclaim: Trademark Infringement Under Texas Common Law)**

54.    The allegations set forth above in paragraphs 1-53 are hereby repeated and incorporated by reference as if set forth expressly herein.

55.    Vetter's acts complained of above constitute infringement (i.e., trademark and service mark infringement) under the Texas common law.

56.    Vetter's acts of infringement have damaged McAtee.

57.    As a result of Vetter's unauthorized acts, McAtee has suffered, and continues to suffer damage; and Vetter is profiting at McAtee's expense.  Vetter's infringing activities entitle McAtee to recover those profits, and also compensation for its own damages caused by Vetter.

58.    Vetter's acts have been and are still deliberate willful, reckless and malicious, entitling McAtee to enhanced damages and attorney's fees.

59.    McAtee is entitled to a temporary and permanent injunction as set forth below.

**(Sixth Counterclaim: Unfair Competition under Texas Common Law)**

60.    The allegations set forth above in paragraphs 1-59 are hereby repeated and incorporated by reference as if set forth expressly herein.

61.    Vetter's acts complained of above constitute unfair competition under the Texas common law.

62.    Vetter's acts of unfair competition have damaged McAtee.

63.    As a result of Vetter's unauthorized acts, Defendant McAtee has suffered, and continues to suffer damage; and Vetter is profiting at Defendant McAtee's expense.  Vetter's activities entitle Defendant McAtee to recover those profits, and also compensation for her own damages caused by Vetter.

64.    Vetter's acts of unfair competition have been and are still deliberate willful, reckless and malicious, entitling Defendant McAtee to enhanced damages and attorney's fees.

65.    McAtee is entitled to a temporary and permanent injunction as set forth below.

## PRAYER

THEREFORE, Defendant CHRISTINE MCATEE prays that a take nothing judgment be entered in her favor and that Plaintiff, STACEY VETTER'S claims be dismissed with prejudice, with costs taxed against Plaintiff. As Counter Plaintiff, CHRISTINE MCATEE prays that the Court enter Judgment in her favor, and

against Counter Defendant, for compensatory damages. Counter Plaintiff requests that the Court enter appropriate orders for winding up of the partnership, pursuant to Title 4, Subchapter I of the Texas Business Organizations Code. Counter Plaintiff requests that the Court order Counter Defendant render an accounting to Counter Plaintiff of all sales made by her of patient boards, the identities of the customers to which the boards were sold and the proceeds collected from such sales. Counter Plaintiff also requests the Court enter an order declaring that Insignia Marketing, Inc. is the owner of the trademark "Communicat-R" under federal and applicable state laws, for patient message boards and related services and that Vetter is not authorized to use that mark. Counter Plaintiff further requests the Court enter an order that Counter Plaintiff is the inventor of the patient message board that was being sold as of September 1, 2011, and all patent rights related to that patient message board. Counter Plaintiff also requests that the Court award her pre and post-judgment interest, reasonable attorneys' fees, taxable costs and all further relief, legal or equitable, general or special, to which she may show herself justly entitled.

Further, this Court is requested to:

A.    enter a finding and declaration that Vetter has infringed the trademark rights in the Marks owned by McAtee and/or Insignia Marketing, Inc. and engaged in unfair competition under the federal Lanham Act and Texas common law.

B.    Enter a finding and declaration that Vetter does not own any rights in the Marks or Domain Names, or any other exclusive rights in any term or mark that includes the phrase "COMMUNICAT-R," "COMMUNICATR," or similar term, nor is she licensed or in any way permitted to use such Marks or Domain Names.

C.    Enter a judgment that Vetter, and each of her affiliates, subsidiaries, agents, servants, employees, attorneys and all persons acting in concert or participation with any of them be preliminarily and permanently enjoined from: asserting exclusive rights in, or ownership of, any of the Marks, including any Domain Names; and also enjoined from engaging in unfair competition, or instructing any other entity to stop using any of the Marks; committing any acts likely to cause the public to believe that any of Vetter's use of any of the Marks is authorized by McAtee or Insignia Marketing, Inc., including; or attempting, causing, or assisting any of the above-described acts.

D.    Order Vetter to perform all acts necessary to cause the registrations and ownership of the Domain Names to be transferred to McAtee or Insignia Marketing.

E.    Order Plaintiff/ Counter-Defendant Vetter to pay all damages, including but not limited to Vetter's profits and any corrective advertising done by McAtee or Insigna, and including but not limited to those damages available under at least 15 U.S.C. § 1117, including attorneys' fees, court costs, expenses and enhanced damages;

F.    Order Vetter to pay McAtee interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate; and

F.    Award McAtee such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:    *Phil Griffis*
       PHIL GRIFFIS
       Texas Bar No. 08476400
       Southern District of Texas Bar No. 10528
       2525 Bay Area Blvd., Suite 195
       Houston, TX 77058
       Telephone: (832) 284-4013
       Facsimile: (713) 493-7253
       ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 30, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*Phil Griffis*
PHIL GRIFFIS