IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACEY VETTER | § | |
| | § | Case No. 4:12-CV-2316 |
| v. | § | |
| | § | Magistrate Judge Frances H. Stacey |
| CHRISTINE McATEE, et al | § | |

**INSIGNIA MARKETING, INC.'S RESPONSE TO WILLIAM VETTER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC. 92]**

# TABLE OF CONTENTS

I. SUMMARY ........................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................................................1

III. ARGUMENT ....................................................................................................................3

    A. William Vetter Has Waived Any Personal Jurisdiction Defense. ..........................3

    B. Even Absent Waiver, this Court has Jurisdiction Over William Vetter. .................5

    C. This Court has personal jurisdiction over William Vetter. .....................................7

        1. This case arises out of William Vetter's purposefully directed activities against Insignia Marketing in Texas ..............................................................7
        2. Exercising personal jurisdiction over William Vetter does not offend traditional notions of fair play and substantial justice ......................................9

IV. Conclusion ..................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Bullion v. Gillespie*,
   895 F.2d 213 (5th Cir. 1990) ........................................................................................... 6
*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................... 8, 9
*Burton v. Northern Dutchess Hosp.*,
   106 F.R.D. 477 (S.D.N.Y.1985) ...................................................................................... 3
*Calder v. Jones*,
   465 U.S. 783 (1984)......................................................................................................... 7
*Continental Bank, N.A. v. Meyer*,
   10 F.3d 1293 (7th Cir. III. 1993) ..................................................................................... 4
*Datskow v. Teledyne, Inc.*,
   899 F.2d 1298 (2d Cir. 1990) .......................................................................................... 4
*Felch v. Transportes Lar-Mex SA DE CV*,
   92 F.3d 320 (5th Cir. 1996) ............................................................................................. 6
*Fielding v. Hubert Burda Media, Inc.*,
   415 F.3d 419 (5th Cir. 2005) ........................................................................................... 7
*Guidry v. United States Tobacco Co.*,
   188 F.3d 619 (5th Cir. 1999) ........................................................................................... 8
*Hamilton v. Atlas Turner*, Inc.,
   197 F.3d 58 (2d Cir. N.Y. 1999)...................................................................................... 4
*Holt Oil & Gas Corp. v. Harvey*,
   801 F.2d 773 (5th Cir. 1986) ........................................................................................... 6
*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945)......................................................................................................... 6
*J.M. Huber Corp. v. Pan American Express, Inc.*,
   118 F.Supp.2d 764 (S.D. Tex. 2000) ............................................................................... 6
*J.R. Stripling v. Jordan Production Company, LLC*,
   234 F.3d 863 (5th Cir. 2000) ........................................................................................... 6
*Latshaw v. Johnston*,
   167 F.3d 208 (5th Cir. 1999) ........................................................................................... 6
*Luv N' Care, Ltd. v. Insta-Mix, Inc.*,
   438 F.3d 465 (5th Cir. 2006) ........................................................................................... 6
*Mink v. AAAA Dev. LLC*,
   190 F.3d 333 (5th Cir.1999) ............................................................................................ 6
*Network Professionals, Inc. v. Network International Limited*,
   146 F.R.D. 179 (D. Minn. 1993) ..................................................................................... 4
*Nuovo Pignone, SpA v. STORMAN ASIA M/V*,
   310 F.3d 374 (5th Cir.2002) ............................................................................................ 7
*Revell v. Lidev*,
   317 F.3d 467 (5th Cir. 2002) ........................................................................................... 5
*Schutze v. Springmeyer*,
   989 F. Supp. 833 (S.D. Tex. 1998) .................................................................................. 7

*Schwartz v. M/V Gulf Supplier*,
   116 F.Supp.2d 831 (S.D. Tex. 2000) ............................................................................. 4
*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ........................................................................................ 7
*Stelax Indus., Ltd. v. Donahue*,
   3:03-CV-923-M, 2004 WL 733844 (N.D. Tex. Mar. 25, 2004) ................................... 8
*Wien Air Alaska, Inc. v. Brandt*,
   195 F.3d 208 (5th Cir. 1999) ........................................................................................ 9
*Wyrough & Loser, Inc. v. Pelmor Lab., Inc.*,
   376 F.2d 543(3rd Cir. 1967) ......................................................................................... 4

The motion to dismiss ("Motion") filed by Defendant William Vetter for alleged lack of personal jurisdiction should be denied. As set forth below, William Vetter has waived his objections to personal jurisdiction by appearing before this Court and fully participating in this litigation. Waiver aside, Insignia Marketing, Inc. ("Insignia") makes a *prima facie* showing of William Vetter's forum contacts to justify this Court's jurisdiction over him.

**I.    SUMMARY**

William Vetter has actively participated in this litigation for over seven months. After his original answer [Doc. 69], William Vetter did not pursue his objections to this Court's jurisdiction over him until his recently filed, belated motion to dismiss [Doc. 92]. He has waived all objections to personal jurisdiction by his continued appearance and conduct before this Court, including his recent filing of a motion for partial summary judgment against Insignia [Doc. 93]. Insignia has further established a *prima facie* case that William Vetter directed his tortious actions to affect Insignia in Texas. William Vetter's Motion should be denied.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2011, Christine McAtee and Stacey Vetter ("Vetter") sold a patient board product under the company name, Insignia Marketing, Inc. *Declaration of McAtee*, ¶ 7. Originally branded as "The Communicat-R," the primary brand name for the product is now "VisiCare™"[1]. *Declaration of McAtee*, ¶ 9. The change in branding was necessitated by Vetter's theft of twenty Insignia domain names in December 2011, which cut off Insignia's access to its emails and website. *Declaration of McAtee*, ¶ 9. Vetter then set up a competing business called YourPatientBoards, and redirected the stolen domain names to land on

---

[1] The product is co-branded as The Communicat-R, and all patient boards still carry The Communicat-R label. *Declaration of McAtee*, ¶ 9

1

www.yourpatientboards.com, where she has collaborated with others to design and sell knock-off patient boards. *Declaration of McAtee*, ¶ 9.

Vetter's husband, William Vetter (occasionally referred to as "Benny" by Vetter and McAtee), was intimately involved in Vetter's business and financial decisions. In fact, William Vetter is a fifty percent member of AIA-LOGO! Promotions, LLC, the company through which Vetter conducts business. (**Exhibit 1**, AIA-LOGO! Promotions, LLC, 2013 Biennial Report; *see also, e.g.*, **Exhibit 2**; VA10552). In 2011, Vetter regularly involved William Vetter on the sales of Insignia patient boards,[2] and often requested that McAtee contact William Vetter directly to discuss the patient board business. *Declaration of McAtee*, ¶ 11-13. In fact, although William Vetter claims to not be "involved in his wife's patient board project" [Doc. 92, pg. 3], there were several times William Vetter contacted McAtee directly to discuss Insignia's business. **Exhibit 6.** *Declaration of McAtee*, ¶ 10, 13.

Through these conversations and emails, William Vetter gained knowledge of Insignia's overall business model and his continued advisory discussions with Vetter cause injury to Insignia. Accordingly, Insignia has sought claims against William Vetter for indirect copyright infringement, cyberpiracy, false advertising under the Lanham Act, misappropriation of trade secrets, and civil conspiracy. [Doc. 81]. Because Vetter and William Vetter have discussed Insignia's business model (**Exhibit 3,** INS128929), William Vetter has engaged in communications that involve and result from the wrongful use and disclosure of Insignia's trade secrets. The effects of these purposeful acts are felt by Insignia in Texas. Accordingly, William Vetter's tortious actions further justify the exercise of personal jurisdiction over him.

---

[2] **Exhibit 3**, INS128929 ("I was discussing the line of credit with Benny today. He would like us to agree on the following."); **Exhibit 4** (an email between William Vetter and Vetter regarding Insignia's royalty payment with AIA); **Exhibit 5** (William Vetter created a Communicat-R price list for Vetter)

## III. ARGUMENT

### A. William Vetter Has Waived Any Personal Jurisdiction Defense.

William Vetter's motion to dismiss pursuant to Rule 12(b)(2) is improperly filed because he failed to assert these defenses by a proper Rule 12 motion in a timely manner. FED. R. CIV. P. 12(h)(1). Although William Vetter asserted the affirmative defense regarding personal jurisdiction in his answer [Doc. 69] [3], he nevertheless actively participated in this litigation with no further protest. *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y.1985) (asserting jurisdictional defect in answer does "not preserve the defense in perpetuity"). He has:

1) Agreed to extend deadlines [Doc. 73];
2) Joined in a Motion to Extend Deadlines [Doc. 74];
3) Served his initial disclosures;
4) Responded to discovery [*see* Doc. 83-4];
5) Consented to proceed before a magistrate judge [Doc. 76];
6) Attended mediation through his counsel;
7) Joined in an Unopposed Motion to Extend Time to Respond to Insignia Marketing, Inc.'s Motion to Compel Defendants to Produce Certain Documents [Doc. 84];
8) Responded to Insignia's Motion to Compel [Doc. 86];
9) Joined in a Joint Motion to Amend Scheduling Order [Doc. 88];
10) Joined in an Unopposed Motion to Extend Time to Comply with Court's Order to Produce Certain Documents [Doc. 89];
11) Joined in a Motion for Partial Summary Judgment with Supporting Memorandum [Doc. 93]
12) Joined in a Joint Motion to Amend Scheduling Order [Doc. 103];
13) Joined in a Joint Motion to Extend Submission Dates [Doc. 105];
14) Joined in a Joint Motion to Extend Time to Respond to Motions for Partial Summary Judgment and Dismissal [Doc. 109];
15) Joined in a Joint Motion to Extend Time to Respond to Motions for Partial Summary Judgment and to Dismiss [Doc. 111].

---

[3] William Vetter filed an answer [Doc. 69] to Insignia's First Amended Complaint. [Case 4:13-cv-2563, Doc. 14]. To date, William Vetter has not filed an answer to Insignia's Second Amended Complaint. [Doc. 81], but has engaged in discovery and motion practice since Insignia filed that pleading.

In his answer [Doc. 69], William Vetter merely stated that "[t]he Court lacks personal jurisdiction over Defendant, and Defendant moves to dismiss Insignia's claims against Defendant pursuant to Fed. R. Civ. P. 12(b)(2)."

3

It is well-settled law that a party challenging personal jurisdiction waives his right to that challenge by seeking and accepting affirmative relief from the Court before having the objection heard. *Schwartz v. M/V Gulf Supplier*, 116 F.Supp.2d 831, 835 (S.D. Tex. 2000) (deeming waiver to have occurred where ***defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until nine months after action commenced***)[4]. Courts regularly hold that a party's continued participation in litigation and delay in filing a motion to dismiss waives its ability to assert lack of personal jurisdiction. *See Hamilton v. Atlas Turner*, Inc., 197 F.3d 58, 61 (2d Cir. N.Y. 1999) (concluding that defendant "forfeited its defense of lack of personal jurisdiction by participating in extensive pretrial proceedings and forgoing numerous opportunities to move to dismiss")[5].

Thus, a defendant must not only comply with the letter of Federal Rule of Civil Procedure 12(h) by including a lack of personal jurisdiction defense in its answer, but also with "the spirit of the rule, which is 'to expedite and simplify proceedings in the Federal Courts.'" *Schwartz v. M/V Gulf Supplier*, 116 F.Supp.2d 831, 835 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1342 (2d ed. 1990)).

Here, William Vetter waited *seven* months after filing his answer to properly file a Rule 12(b) motion. Since then, he has participated in discovery and engaged in motion practice

---

[4] Indeed, a "delay in challenging personal jurisdiction by motion to dismiss" may result in waiver, "even where ... the defense was asserted in a timely answer." *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (***defendant waived defense, despite including it in its answer, by actively participating in litigation for six months without asserting the defense***);

[5] *See also Wyrough & Loser, Inc. v. Pelmor Lab., Inc.*, 376 F.2d 543, 547 (3rd Cir. 1967) (holding that even if a defendant challenges personal jurisdiction at the outset of the case, participation in seeking relief from the court before having that challenge heard by the court waived his jurisdiction challenge). *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. Ill. 1993) (determining that defendants' conduct constituted waiver of personal jurisdiction defense); *Network Professionals, Inc. v. Network International Limited*, 146 F.R.D. 179, 183-84 (D. Minn. 1993) (the court found waiver of a personal jurisdiction objection by defendants who waited eight months after the litigation commenced to assert their personal jurisdiction defense, during which time they participated in discovery and responded to plaintiffs' motion for a preliminary injunction)

requesting relief from this Court without properly preserving jurisdictional defenses. William Vetter cannot now be heard to deny this Court's jurisdiction over him. Recently, the undersigned counsel has actively corresponded with William Vetter's attorney regarding the scheduling of depositions in this matter, including that for William Vetter. William Vetter's deposition was previously noticed for October 15, 2014, but will be rescheduled to take place before the end of this year. And more egregiously, immediately after filing his motion to dismiss, William Vetter joined in a Motion for Partial Summary Judgment with Supporting Memorandum [Doc. 93]. Such conduct and delay clearly runs contrary to the meaning, purpose, and spirit of Rule 12(h).

Because William Vetter has been an active defendant in this litigation and joined in numerous motions – including a motion for summary judgment – that seek affirmative relief, he should be deemed to have waived any personal jurisdiction defense, and his motion to dismiss should be stricken.

**B.      Even Absent Waiver, this Court has Jurisdiction Over William Vetter.**

Even if this Court does not find that William Vetter has consented to jurisdiction by waiver, William Vetter's tortious actions justify the exercise of this Court's jurisdiction over him.

To establish personal jurisdiction over a nonresident defendant, a plaintiff must show that (1) the Texas Long-Arm Statute supports personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with the Constitution's due process requirements. *Revell v. Lidev*, 317 F.3d 467, 469 (5th Cir. 2002). The Fourteenth Amendment permits a court to exercise personal jurisdiction over a nonresident defendant when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing

'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

Minimum contacts can give rise to two types of personal jurisdiction, either general or specific. As to general jurisdiction, a party's minimum contacts with a forum are sufficient to create jurisdiction. *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000). In the absence of general jurisdiction, the court must determine whether specific jurisdiction exists by virtue of the relationship between defendant's forum contacts and plaintiff's claims. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).

Procedurally, when a defendant challenges personal jurisdiction, the plaintiff bears the initial burden of proving that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). That is, the plaintiff must establish personal jurisdiction by a preponderance of the evidence if determined after a pretrial evidentiary hearing or at trial. *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996). However, if the court rules on a motion to dismiss for lack of jurisdiction without trial or without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of the defendant's minimum contacts to establish personal jurisdiction by relying on "pleadings, depositions, affidavits, exhibits, or any combination of recognized discovery." *J.M. Huber Corp. v. Pan American Express, Inc.*, 118 F.Supp.2d 764, 768 (S.D. Tex. 2000) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). ***Any factual disputes must be resolved in favor of jurisdiction***. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). Then, once the plaintiff establishes minimum contacts, the burden shifts to the defendant to show that the assertion of personal

jurisdiction would be unfair or unreasonable.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

    **C.    This Court has personal jurisdiction over William Vetter.**

        **1.    This case arises out of William Vetter's purposefully directed activities against Insignia Marketing in Texas**

Insignia has asserted claims against William Vetter based on his wrongful communications that cause effect on Insignia in Texas. [Doc. 81]  Several methods exist to establish specific jurisdiction over William Vetter, as explained below.

To establish specific jurisdiction, a plaintiff must establish that: (1) the nonresident defendant did some act or consummated some transaction with the forum where he purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of personal jurisdiction must be reasonable. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir.2002).  "***A single contact*** with the forum state can be sufficient to support specific jurisdiction." *Schutze v. Springmeyer*, 989 F. Supp. 833, 836 (S.D. Tex. 1998) (emphasis added).

In tort cases, like this one, specific jurisdiction may be established where the non-resident defendant's only contact with the forum state was "the 'purposeful direction' of a foreign act having effect in the forum state." *Calder v. Jones*, 465 U.S. 783, 789 (1984).  To determine whether a defendant availed himself to the forum, courts employ the "effects test".  The "purposeful availment" requirement is satisfied when an intentional act is both aimed at and has an effect in the forum state and causes harm.  "Knowledge of the particular forum in which a potential plaintiff will bear the brunt of the harm forms an essential part of the *Calder* test." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 427 (5th Cir. 2005).

7

With each private discussion William Vetter had with Vetter regarding Insignia's business model, he committed torts that affected Insignia in Texas. *Stelax Indus., Ltd. v. Donahue*, 3:03-CV-923-M, 2004 WL 733844 (N.D. Tex. Mar. 25, 2004) (asserting personal jurisdiction with respect to claims for misappropriation of trade secrets where the defendant purposefully communicated with individuals in Texas in order to misappropriate those secrets and the defendant knew the misappropriation would cause harm in Texas). Here, William Vetter knew Insignia was located in Texas. *Declaration of McAtee*, ¶ 10-13. He communicated with Vetter regarding Insignia's trade secrets, thus committing torts against a Texas entity. *Declaration of McAtee*, ¶ 11. By discussing Insignia's business model, William Vetter acted in furtherance of the conspiracy to wrongfully use and further disclose Insignia's trade secrets, the injuries of which are felt by Insignia in Texas. Such actions are sufficient to establish minimum contacts with Texas. *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999).

Because William Vetter committed and conspired to commit torts against Insignia in Texas, there are sufficient minimum contacts to allow this Court to exercise specific personal jurisdiction over him, and the second element of the test is met. That is, Insignia's claims against William Vetter have arisen out of or resulted from Defendant William Vetter's forum-related activities. These contacts amount to a substantial connection with Texas and cannot accurately be characterized as random, fortuitous, or incidental. Rather, they indicate that William Vetter deliberately availed himself of the benefits of an ongoing relationship with the other Texas defendants and reasonably should have anticipated the possibility of being haled into court in Texas for claims arising out of or related to that relationship, particularly, the wrongful use of Insignia's trade secrets. As the Court observed in *Burger King*, an individual who purposefully

directs his activities to forum state residents and derives benefits therefrom should be answerable in the forum for the consequences of his activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-474 (1985).

Given the wrongful use and disclosure of trade secrets in Texas, the third element is also met, i.e., that it would be reasonable to exercise jurisdiction over William Vetter as more fully discussed in the next section. Thus, the required elements to establish specific jurisdiction are met, and this Court may properly exercise personal jurisdiction over William Vetter.

At the *prima facie* stage, the allegations relative to William Vetter's acts of cyberpiracy, trade secret misappropriation, and conspiracy claims make personal jurisdiction and harm in Texas reasonably foreseeable.

### 2. Exercising personal jurisdiction over William Vetter does not offend traditional notions of fair play and substantial justice

In determining whether exercising personal jurisdiction is fair and reasonable, the defendant bears the burden of proof and "it is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). William Vetter has not met this burden, nor has he even raised any arguments that exercising jurisdiction would not be "fair and reasonable."

William Vetter either waived all objections and consented to jurisdiction before this Court or was sufficiently involved in Vetter's YourPatientBoard business to submit to jurisdiction in this forum. Because Insignia has raised sufficient evidence supporting personal jurisdiction in Texas, the exercise of jurisdiction over William Vetter does not offend traditional notions of fair play and substantial justice.

**IV. Conclusion**

Therefore, according to the arguments raised above, Insignia Marketing, Inc. asks this Court to deny Defendant William Vetter's motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

Dated: November 3, 2014

By: /s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@elliottiplaw.com
**THE ELLIOTT LAW FIRM, PLLC**
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 485-3511

**Of Counsel:**
Eric M. Adams
Texas Bar No. 24031686
S.D. Texas No. 30371
eric@elliottiplaw.com
Sylvia Ngo
Texas Bar No. 24067100
S.D. Texas No. 1146305
sylvia@elliottiplaw.com
**THE ELLIOTT LAW FIRM, PLLC**
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 485-3511
**ATTORNEYS FOR INSIGNIA MARKETING, INC.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of November, 2014 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by hand-delivery, electronic mail, facsimile transmission and/or first class mail on this same date.

              /s/ Douglas H. Elliott
              Douglas H. Elliott